THE STATE, EX REL. THE BOROUGH OF SECAUCUS, v.
ERNEST L. KIESEWETTER.

Submitted June Term, 1912—Decided August 26, 1912.

1. A *mandamus* will not go against a borough collector who refuses to sign a draft upon the borough depository for the payment of borough moneys where it is clear that there are none or insufficient moneys in the funds upon which the drafts have been drawn.
2. Where a warrant for the payment of borough moneys does not conform in its mechanical execution with the requirements of the Borough act, the collector may properly refuse to honor it.
3. To warrant the issuing of a *mandamus* against a public official, the right sought to be enforced must be clear and the public duty must be clear and specific.

On application for *mandamus*.

Before Justice MINTURN, sitting alone.

For the prosecutor, *Harry W. Lange* and *Eberhard &
Sheridan* (of counsel).

For the defendant, *Edgar H. Loveridge.*

The opinion of the court was delivered by

MINTURN, J.   The borough having ordered issued by its
council certain checks or drafts for the payment of moneys
conceded to be due by the borough, the collector of the municipality refuses to honor the paper by signing his name
thereto, so that payment may be made by the borough depository.   His reasons for refusing are twofold, viz., that the
Borough act requires him to be presented with a draft for
signature and not a check; and secondly, that the borough
is without specific money to meet the drafts, so that they may
be charged to their appropriate funds.   The seventeenth section of the Borough act provides that in addition to acting as
collector, that official shall act as treasurer of the borough,

and shall pay out the borough moneys "only upon a warrant ordered by the council, signed by the mayor, attested by the borough clerk, which said warrant shall be numbered, and be made payable to the order of the person entitled to receive the same, and shall state the fund against which drawn," &c. It is quite apparent that the drafts in this case do not comply with this requirement. If they are to be accepted as warrants they do not on their face "state the fund against which they are drawn," and in that respect are defective. "Provisions that a warrant shall show upon its face the purpose for which it was drawn are usually considered mandatory, and in the absence of such recital no recovery can be had even by a *bona fide* purchaser." *Abb. Mun. Corp.* 528, and cases.

The intent of this section of the Borough act is that such warrants shall issue only upon resolution of the council, and in this case I find by the depositions that such resolutions were duly passed at a meeting on July 25th, 1912. This objection renders it unnecessary to pass upon the form of the drafts in question, but it may be well to state that the drafts in this case are not borough warrants as directed by the Borough act. They are in form private checks drawn upon the First National Bank of Secaucus. The act (section 17) provides that the warrants "shall be drawn on the collector." In this instance they have been drawn on the bank. Compliance with this provision of the act is intended to enable the collector to make the warrant payable, if the condition of the funds should warrant it, in the designated borough depository, cr such depository as he might use in the absence of a designated depository under the statute; and so it has been held that "where a warrant in its mechanical execution does not comply with reasonable requirements of the law, it may be considered invalid, and the official to whom it is directed and whose duty it is to pay valid warrants can properly refuse to recognize them." *Abb. Mun. Corp.* 527, and cases cited.

The second objection urged by the collector presents an insuperable barrier to the issuance of the writ. As has been observed the collector, by the twentieth section of the act, is

required to pay out public moneys, *inter alia,* when the warrant shall state the fund against which it is drawn, from which requirement the inference is plain that the moneys of the borough shall be apportioned into funds, upon which warrants are to be drawn, and if these funds so appropriated be exceeded the council are made criminally liable therefor. *Pamph. L.* 1898, *p.* 803; *Gen. Stat., p.* 1754. Unless such an appropriation or subdivision of the general borough funds be made, the statute of 1898 becomes a dead letter. The question then presented is who is to make the appropriations required by law? The twenty-eighth section of the Borough act contains the answer, for there we find the powers of the council enumerated, and among them the power "to manage, regulate, protect and control the finances and property of the borough." The twenty-seventh section refers to resolutions of the council "appropriating or in any way tending to pecuniarily obligate the borough," and the twenty-eighth section, subdivision 2, empowers that body "to appropriate from time to time the moneys raised for borough purposes or received from any other source." In the case at bar the annual appropriations appear to have been regularly made. But in anticipation of the collection of taxes the council by resolution borrowed $10,000 from the First National Bank of Secaucus, and kept it on deposit there as the borough depository without appropriating it to any specific fund or subdividing it for that purpose.

It is clear from the testimony of the mayor that the money was borrowed for the purpose of meeting the drafts in question, but since no appropriation of the loan was made to the funds upon which the drafts were drawn, the collector was clearly within its duty, if those funds were insufficient or depleted, in refusing to honor the drafts. The clerk of the borough testified that there was none or insufficient moneys in those funds, and the collector supplements this by testimony to the same effect. To compel the payment of public moneys in such a posture of affairs would be in effect to require the collector, and the officers of the borough, to perform an illegal act. To warrant the issuing of a writ of *mandamus* the case

of the petitioner must be clear, and the public duty sought to be enforced must be clear and specific. The writ is never granted in doubtful cases. *High Extr. Rem.* 12; *State v. Newark,* 6 *Vroom* 396.

But the evidence in the case shows that the borough is in possession of sufficient funds to pay its quota of the county taxes, and that fact presents a different situation from the *status* created by the other drafts of the borough. The collector's duty regarding the payment of the county tax is controlled by section 41 of the Tax act (*Pamph. L.* 1903, *p.* 430), which requires him to pay the state and county taxes out of the first money collected. It is conceded by him that he was notified of the temporary loan of $10,000 by the borough in anticipation of the payment of taxes. There is also evidence that the borough is in possession of other funds which can be applied to the payment of this draft. The duty enjoined by statute is therefore personal upon the collector to make this payment, and in this instance it is his duty to do so regardless of the informality of the draft issued by the council for that purpose. *Trewin v. Shurts,* 45 *Vroom* 200; *Ross v. Walton,* 34 *Id.* 435.

The result is (the parties consenting) that a writ of peremptory *mandamus* may go to the collector requiring him to honor the draft for $5,000 to pay county taxes, but that in the cases of the other drafts the writ will be denied until such time as the council shall by resolution have appropriated to the respective funds money sufficient to meet the drafts when presented, and shall so amend the drafts as to impress upon their face the titles of the funds upon which they are respectively drawn, and the other requisites of a municipal warrant.

Costs will not be allowed to either party since the only parties directly represented here are the borough and its fiscal officer, and since his contentions were clearly made in a *bona fide* effort to ascertain his duty in the premises.